IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN OVERBY, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-5030 |
| | : | |
| KEVIN R. STEELE, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**SLOMSKY, J.**                                                                                                                    **DECEMBER 29, 2021**

Plaintiff Kevin Overby filed this civil action pursuant to 28 U.S.C. § 1983 against several officials in Montgomery County, Pennsylvania, based on allegations that he has been improperly denied certain benefits. Overby seeks to proceed *in forma pauperis* in this matter. For the following reasons, the Court will grant Overby leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim without prejudice to amendment.

**I.**      **FACTUAL ALLEGATIONS**

Overby's Complaint does not contain a caption that names all the parties in accordance with Federal Rule of Civil Procedure 10. However, it appears he seeks to name following Defendants: (1) Kevin R. Steele, the District Attorney for Montgomery County; (2) Valerie A. Arkoosh, Chair of the Montgomery County Board of Commissioners; (3) Kenneth E. Lawrence, Vice Chair of the Montgomery County Board of Commissioners; and (4) Joseph C. Gale, Commissioner of the Montgomery County Board of Commissioners. (ECF No. 1 at 1.);[1] *See*

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system. When docketing the Complaint, the Clerk's Office also listed "Montgomery County Welfare Board" as a Defendant. However, the Complaint refers to "defendant members of the Montgomery County Welfare Board" without further clarification. (ECF No. 1 at 1.) Since it is not clear who these Defendants are or that Overby intended to sue the Montgomery County Welfare Board, in part

https://www.montcopa.org/95/County-Commissioners (last accessed Dec. 27, 2021).  The Court understands Overby to be raising claims on behalf of himself, his family, including his niece and nephew, and a "class of persons similarly situated" in connection with the termination, modification, or suspension of benefits under two government programs.  (ECF No. 1 at 1.)

Overby's allegations concern benefits to which he claims he was entitled under Pennsylvania's Crime Victims Act, *see* 18 Pa. Cons. Stat. § 11.101 *et seq*.  Overby alleges that in June 2008 he was supposed to receive $500,000 in "victim compensation" in connection with an "attempted homicide case."  (*Id.* at 2.)  He alleges that he never received that compensation, which he describes as "withheld and terminated without notice."  (*Id.*)  Overby adds that, in April 2018, his mother filed for victim compensation in connection with a separate homicide case in which it appears his sister was the victim.  (*Id.*)  The request appears to have been submitted on behalf of Overby's mother and his sister's "two small children."[2]  (*Id.*)  Although unclear, the Court understands Overby to be alleging that the total "restitution" available for his sister's homicide case is $1 million, and that his mother's request for victim compensation amounted to $28,000.  (*Id.*)

Overby's mother passed away in 2019.  (*Id.*)  It appears Overby at some point thereafter sought to receive victim compensation for himself and his sister's children as his mother had done, but was informed that he would have to reapply.  (*Id.* at 3.)  He also alleges that "[a]t no

---

because Overby did not include a caption naming all the defendants or further identify this defendant in the body of his Complaint, the "Montgomery County Welfare Board" will be dismissed without prejudice as a party to this case.

[2] Because the minor children have been identified in the Complaint by name, rather than by initials, in violation of Federal Rule of Civil Procedure 5.2, the Court will direct the Clerk of Court to restrict the Complaint to "party-view."  Overby appears to be supporting his sister's children, since he has identified them as dependents in his Motion to Proceed *In Forma Pauperis*.  (ECF No. 4 at 3.)  It is unclear whether he is their legal guardian.

time was [he] . . . afforded an opportunity for a hearing on the continued eligibility" of himself or his sister's children. (*Id.*)

Overby also alleges that he and his sister's children were "recipients of grants under the aid to Families with Dependent Children" ("AFDC") as of April 28, 2018, *i.e.*, around the same time that Overby's mother applied for compensation under the Crime Victim Act. (*Id.* at 1.) He adds that "[a]t the present time [his] family is eligible" for aid under AFDC. (*Id.* at 3.) Overby appears to be pursuing claims based on the denial, modification, or suspension of benefits under this program because he seeks an injunction prohibiting the Defendants "from terminating a grant made to them under the program of Aid to Families with Dependent Children (AFDC)" without providing proper notice or an opportunity to be heard. (*Id.* at 1.) However, it is not clear whether or when Overby applied for aid— especially since his Motion to Proceed *In Forma Pauperis* reflects that he was only recently released from the Montgomery County Correctional Facility, (ECF No. 4 at 5), when he previously received aid, and the circumstances under which his benefits may have been terminated, modified, or suspended.   The Complaint also implies that there has been an unspecified change or modification in the manner in which the program is administered, because Overby alleges a relevant provision is "unconstitutional insofar as it permits a county welfare board to revoke, modify or suspend an AFDC grant at 'any time' without prior notice and an opportunity to be heard." (ECF No. 1 at 1.)  In addition to injunctive relief, Overby seeks declaratory relief and unspecified "damages for the amount of public assistance wrongfully withheld" under these two programs. (*Id.*)

## II.      STANDARD OF REVIEW

The Court grants Overby leave to proceed *in forma pauperis* because it appears that he is unable to pre-pay the costs for filing this lawsuit.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)

requires the Court to dismiss the Complaint if, among other things, the Complaint fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.  As Overby is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011).  The Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted).  A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every

name, date, and location of the incidents at issue." *Id.* at 93-94.  The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted).  Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

### III. DISCUSSION

#### A. Claims Raised on Behalf of Others

In addition to raising claims on his own behalf, Overby raises claims on behalf of minor children in his family (his Motion to Proceed *In Forma Pauperis* lists a son and his niece and nephew as dependents), (ECF No. 4 at 3), and a class of similarly-situated individuals.  Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts.  Section 1654 thus ensures that a person may conduct his or her own case *pro se* or retain counsel to do so.  *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990))).  Although an individual may represent herself *pro se*, a

non-attorney may not represent other parties in federal court.  *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007).  Accordingly, since Overby is not an attorney, he may not  pursue claims on behalf of anyone other than himself, as a class action or otherwise.  *See Sinclair v. Citi Mortg., Inc.*, 519 F. App'x 737, 739 (3d Cir. 2013) (*per curiam*) ("[T]he District Court properly declined to treat the Sinclairs' case as a class action, as 'one pro se litigant cannot represent another[.]'" (quoting *Nocula v. UGS Corp.*, 520 F.3d 719, 725 (3d Cir. 2008)).  For these reasons, any claims Overby brings on behalf of others, including by way of a class action, must be dismissed without prejudice.[3]

### B. Claims Raised on Behalf of Overby

Liberally construing the Complaint, the Court understands Overby to be raising due process challenges related to the modification, suspension, termination, or administration of benefits to which he claims he is entitled under Pennsylvania's Crime Victims Act and the AFDC.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Here, the Complaint fails to clearly allege what happened to Overby in connection with his efforts to obtain benefits or compensation under these provisions, facts demonstrating he is entitled to the monies he sought, the basis upon which Overby is challenging these statutes, and

---

[3] If Overby seeks to pursue claims on behalf his child, he must retain counsel.  *See Osei-Afriyie*, 937 F.2d at 883 ("Osei–Afriyie was not entitled, as a non-lawyer, to represent his children in place of an attorney in federal court.").  He may pursue claims on behalf of his niece and nephew if he is their legal guardian, which is unclear from Overby's submissions, and as their legal guardian, he retains counsel on their behalf.  *See* Fed. R. Civ. P. 17(c)(1).

how those matters relate to each other.  Accordingly, the Complaint fails to comply with Rule 8 and does not state a claim as pled.

### 1. Crime Victims Act

In his Complaint, Overby cites certain provisions of Pennsylvania's Crime Victims Act, 18 Pa. Cons. Stat. § 11.211, § 11.212, § 11.213, § 11.701, § 11.702, § 11.704, § 11.707, § 11.708, § 11.709, § 11.710, § 11.902.  (ECF No. 1 at 1 & 3.)  Certain of these provisions impose responsibilities on victims of crimes, State and local law enforcement agencies, and the prosecutor's office, 18 Pa. Cons. Stat. §§ 11.211-11.213, the relevance of which to any possible claims here is unclear.  Several other provisions establish a system for certain crime victims to receive compensation, *id.* §§ 11.701-11.710, including a direct victim or parent or child of a deceased direct victim.  *Id.* § 11.701.  The crime victims' compensation fund was intended "to compensate innocent victims of crime for economic losses sustained by them from which they receive no other compensation."  *Hoffman v. Com., Pennsylvania Crime Victim's Comp. Bd.*, 405 A.2d 1110, 1112 (Pa. Commw. Ct. 1979).  A parent or guardian of a minor who is eligible for compensation may file on behalf of the minor or, if unavailable, "a person who assumes financial responsibility for services eligible for compensation" may file on behalf of the minor to receive compensation for services provided to the minor.  *Id.* § 11.702.

Pursuant to the statute, the claims are processed by the Office of Victims' Services, *id.* § 11.704, an office within the Pennsylvania Commission on Crime and Delinquency, which is an agency of the Commonwealth, *id.* § 11.103.  *See also Brown v. PA Comm'n on Crime & Delinq.*, No. 294 M.D. 2017, 2019 WL 1283900, at *3 (Pa. Commw. Ct. Mar. 19, 2019) ("An individual eligible for compensation under the Act, . . . may file a claim for compensation with the Commission."); https://www.pccd.pa.gov/Victim-Services/Pages/default.aspx (last accessed Dec.

27, 2021). The Office of Victims' Services has authority under the statute to issue awards to qualifying individuals provided certain criteria are met. 18 Pa. Cons. Stat. § 11.707. In general, the total amount of any individual award may not exceed $35,000 and if there are multiple individuals entitled to collect, the award is apportioned among them. *Id.* § 11.707(b)(1) & (d); *Sharp v. Com., Pennsylvania Crime Victim's Comp. Bd.*, 530 A.2d 520, 523-24 (Pa. Commw. Ct. 1987) (observing that the statute "specifically limits an individual recovery to $35,000). Additionally, an award may be reduced by payments received by the claimant "as a result of the injury" including payments from welfare programs or public funds. 18 Pa. Cons. Stat. § 11.707(e).

If a claim is denied by the Office of Victims' Services, the claimant may appeal within thirty days as set forth in Pennsylvania's statutes governing appeals from administrative agencies. *Id.* § 11.705. The portions of the statute cited by Overby also govern how an award should be distributed, the confidentiality of records, and the responsibilities of employers, service providers and insurance companies under the Act. *Id.* §§ 11.708-11.710. The final provision of the Crime Victims Act cited by Overby concerns the ability of the Pennsylvania Commission on Crime and Delinquency to provide assistance and "make grants to district attorneys" among others for the purpose of providing services to crime victims, including notification of services and financial assistance to which they might be entitled. *Id.* § 11.902.

The nature and contours of the claim or claims that Overby intends to bring in connection with these statutes is well disguised. Overby appears to seeks a declaration that certain of these provisions are unconstitutional because they "permit[] a county welfare board to revoke, modify, or suspend an AFDC grant at 'any time' without prior notice and an opportunity to be heard." (ECF No. 1 at 1.) However, the cited provisions do not speak to the modification or termination

of a grant at any time, even assuming the reference to AFDC in this context was an error. Other allegations that appear relevant to Overby's claims relating to his non-receipt of compensation as a crime victim, apart from Overby's unexplained references to the above statutory provisions, are: (1) Overby alleges that he was entitled to received "victim compensation" in June 2008 but that the request was "withheld and terminated without notice" (ECF No. 1 at 2); and (2) Overby alleges, with regard to claims related to his sister's homicide case, that he was "advised that [he] had to reapply for victim compensation" even though his mother had previously applied, and that he was not afforded a hearing on his "continued eligibility," even though it is not clear he was found eligible in the first place (*id.* at 3). These allegations do not reflect whether Overby ever submitted a claim for an award under the Crime Victims Act, when he submitted that claim or claims, and, if he did submit any claims, the details of how they were processed and what ultimately caused him not to receive a payment to which he believes he was entitled.[4]

Even assuming there could be some basis for a due process claim here, which this Court does not decide, it is unclear how any of the named Defendants would be responsible for Overby's failure to receive an award under Pennsylvania's Crime Victims' Act or any alleged mishandling of his claims since neither the Defendants nor the agencies for which they work are responsible for processing claims under the statute. Although Overby alleges that Defendant District Attorney Steele "is responsible for the termination of victim compensation and public assistance operations in Montgomery County" (*id.* at 2), it is unclear what Overby is referring to

---

[4] It is also not clear, given the cap on awards under these provisions, how Overby would have been entitled to some of the large sums he notes in his Complaint. It is possible that Overby is not exclusively referring to monies he believes he is or was owed under the Pennsylvania Crime Victims Act since he both uses the term "victim compensation" and "restitution" to refer to money he believes is owed to him as a crime victim. (ECF No. 1 at 2.) If he is alleging that he did not receive restitution in connection with a state court judgment, that is not clear, nor is it clear what his constitutional claims would be in that case.

here. (*See also id.* (alleging that Steele "is responsible for supervising and administering all programs of victim of crime in Montgomery County State of Pennsylvania").) If there was a separate county program under which Overby believed he was entitled to receive benefits that was later terminated, the details of that program and any underlying facts related to Overby's claims are not adequately described in the Complaint. In sum, it is not possible to understand the "who, what, where, when and why' of [Overby's] claim[s]" based on allegations that he did not receive compensation as a crime victim. *See Gambrell v. S. Brunswick Bd. of Educ.*, Civ. A. No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019).

## 2. AFDC

The factual basis for Overby's claims related to the denial, modification, or termination of benefits under AFDC is also unclear. Overby alleges that as of April 28, 2018 he was a recipient of aid under AFDC.[5] (ECF No. 1 at 1.) He also alleges that his family is currently eligible for aid under AFDC. (*Id.* at 3.) Overby indicates that he is challenging "summary termination, suspension, or decrease of public assistance grants" without due process, which caused hardship including the inability to obtain adequate food, clothing, shelter, and proper medical care. (*Id.*)

"Once an individual qualifies for welfare benefits, those benefits are a property interest protected by the Due Process Clause of the Fourteenth Amendment." *DiGiacomo v. Singleton*,

---

[5] The AFDC program "was established by Title IV–A of the Social Security Act of 1935, 42 U.S.C. §§ 601–617, to assist states in providing aid to needy children and their families." *Pennsylvania, Dep't of Pub. Welfare v. Sebelius*, 674 F.3d 139, 143 (3d Cir. 2012). "In 1996, Congress passed the Personal Responsibility and Work Opportunity Reconciliation Act ('PRWORA'), Pub. L. No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. §§ 601 *et seq.*), which replaced the AFDC program with the Temporary Assistance for Needy Families ('TANF') grant program." *Id.* Presumably, when Overby alleges that he is eligible for assistance under AFDC, he is referring to TANF, the program that replaced it.

Civ. A. No. 08-0383, 2010 WL 11595153, at *2 (E.D. Pa. June 28, 2010), *aff'd,* 402 F. App'x 679 (3d Cir. 2010) (citing *Goldberg v. Kelly*, 397 U.S. 254, 261-62 (1970)). "Due process requires that welfare recipients facing termination of their benefits be given 'adequate notice detailing the reasons for a proposed termination, and an effective opportunity to defend' themselves before benefits are discontinued." *Id.* (quoting *Goldberg*, 397 U.S. at 262).

Here, Overby does not allege that his benefits were modified, terminated, or suspended, nor does he allege the circumstances under which any such modification, termination or suspension occurred or when the suspension occurred. It is also unclear whether he has filed for benefits to obtain aid given his alleged current eligibility. Given the absence of facts about the who, what, where, when and why of these claims, Overby's Complaint fails to comply with Rule 8 and does not allege a plausible claim. *See generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Overby leave to proceed *in forma pauperis*, dismiss any claims brought on behalf of others, and dismiss his individual claims for failure to comply with Rule 8 and for failure to state a claim. Overby will be given leave to file an amended complaint in the event he can allege sufficient facts to state a claim against an appropriate defendant. The Court notes that, in submitting his Complaint and Motion to Proceed *In Forma Pauperis*, Overby mailed his filings to the Pennsylvania Superior Court, which transmitted them to this Court. (ECF No. 1 at 5-6; ECF No. 4 at 6-7.) If Overby intends to pursue his claims in this Court, he should mail his filings to the Clerk of Court at James A. Byrne U.S. Courthouse, Room 2609, 601 Market Street, Philadelphia Pa 19106. If Overby did not

11

intend to pursue claims in this Court, he may move to withdraw this case without prejudice. An Order follows.

**BY THE COURT:**

/s/Joel H. Slomsky, J.
**JOEL H. SLOMSKY, J.**