# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN OVERBY,** | : | |
|     **Plaintiff,** | : | |
| | : | |
|     v. | : | **CIVIL ACTION NO. 21-CV-5030** |
| | : | |
| **KEVIN R. STEELE,** *et al.*, | : | |
|     **Defendants.** | : | |

## ORDER

AND NOW, this 29th day of December, 2021, upon consideration of Plaintiff Kevin Overby's Motion to Proceed *In Forma Pauperis* (ECF No. 4), and Complaint (ECF No. 1) it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Complaint is **DEEMED** filed.

3. The Clerk of Court is **DIRECTED** to restrict the Complaint (ECF No. 1) to party-view only because the Complaint contains the names of minor children. Going forward, Overby should not include the names of any minor children in his filings and should refer to any minor children, if necessary, by initials only. *See* Fed. R. Civ. P. 5.2(a).

4. The Montgomery County Welfare Board is **DISMISSED WITHOUT PREJUDICE** as a Defendant in this case because it is not clear that Overby intended to name this Defendant. The Clerk of Court shall **TERMINATE** the Montgomery County Welfare Board as a party.

5. Claims brought on behalf of any minor children or on behalf of a class are **DISMISSED WITHOUT PREJUDICE** to counsel filing an appearance on behalf of those litigants within thirty (30) days of the date of this Order and filing a pleading on their behalf.

This means Overby must obtain counsel for his minor child or any minor children for whom he is a legal guardian within thirty (30) days of the date of this Order.

6. The balance of the Complaint addressing Overby's individual claims is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 8 and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons in the Court's Memorandum.

7. If he is not able to retain counsel, Overby may file an amended complaint within thirty (30) days of the date of this Order in which he raises claims only on behalf of himself. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Overby's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Overby should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8. The Clerk of Court is **DIRECTED** to send Overby a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number. Overby may use this form to file his amended complaint if he chooses to do so.[1]

9. If Overby does not wish to amend his Complaint and instead intends to stand on

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents2/forms/forms-pro-se.

his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

10. If Overby fails to file any response to this Order, the Court will conclude that Overby intends to stand on his Complaint and will issue a final order dismissing this case.[2] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint). Claims raised on behalf of others will be dismissed without prejudice if no attorney enters an appearance on their behalf.

**BY THE COURT:**

/s/Joel H. Slomsky, J.
**JOEL H. SLOMSKY, J.**

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11; *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam).