## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN OVERBY,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 21-CV-5030** |
| | : | |
| **KEVIN R. STEELE**, *et al.*, | : | |
| **Defendants.** | : | |

### MEMORANDUM

**SLOMSKY, J.**                                                                   **MARCH 8, 2022**

Currently before the Court is an Amended Complaint filed by Plaintiff Kevin Overby against District Attorney for Montgomery County Kevin R. Steele and the Montgomery County Court of Common Pleas.[1] (ECF No. 9.)  The Amended Complaint is premised on Overby's allegations that he is entitled to restitution and/or victim compensation under Pennsylvania law. For the following reasons, the Court will dismiss the Amended Complaint for failure to state a claim.

## I.      FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

In his initial Complaint, which did not contain a caption in accordance with Federal Rule of Civil Procedure 10, Overby appeared to sue Steele and three members of the Montgomery County Board of Commissioners.  *Overby v. Steele*, No. 21-5030, 2021 WL 6137026, at *1 (E.D. Pa. Dec. 29, 2021).  In a December 29, 2021 Memorandum and Order, the Court granted Overby leave to proceed *in forma pauperis* and dismissed his Complaint.  *Id.*  The Court understood Overby to be raising due process claims pursuant to 42 U.S.C. § 1983, on behalf of himself, his

---

[1] It is not clear whether Overby intended to sue both Steele and the Montgomery County Court of Common Pleas or whether he is suing Steele and providing an address for him at the court. Since Overby is proceeding *pro se*, the Court will assume the broader view of his claims.

family members, and a "class of persons similarly situated," in connection with the administration, termination, modification, or suspension of benefits under the Pennsylvania Crime Victims Act and a government program known as Aid to Families with Dependent Children ("AFDC").[2]  *Overby*, 2021 WL 6137026,at *1 & *4.  Relevant here, Overby alleged in part that he was entitled to receive compensation under the Pennsylvania Crime Victims Act in connection with two cases, one in which he was the victim and one in which his sister was the victim.  *Id.* at *1-*2.

The Court dismissed without prejudice any claims Overby raised on behalf of others because Overby was not able to pursue such claims as a non-attorney proceeding *pro se*.  *Id.* at *3.  As for his own claims, Overby failed to comply with Federal Rule of Civil Procedure 8 or state a plausible due process claim because he did not clearly articulate the facts underlying his claims, such that it was not clear to the Court the circumstances under which Overby was unable to obtain the monies to which he claimed to be entitled.  *Id.* at *4-*6.  Overby also failed to allege facts establishing the Defendants' liability.  *Id.* at *5.

Overby was given leave to file an amended complaint within thirty days.  (ECF No. 6 at 2.)  He did not do so, but instead submitted a letter indicating that he was "seeking restitution and victim compensation" for himself and next of kin and noted that he requested as much "by phone and written letter."  (ECF No. 7.)  In a February 3, 2022 Order, the Court explained to Overby

---

[2] The AFDC program "was established by Title IV–A of the Social Security Act of 1935, 42 U.S.C. §§ 601–617, to assist states in providing aid to needy children and their families." *Pa., Dep't of Pub. Welfare v. Sebelius*, 674 F.3d 139, 143 (3d Cir. 2012).  "In 1996, Congress passed the Personal Responsibility and Work Opportunity Reconciliation Act ('PRWORA'), Pub. L. No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. §§ 601 *et seq.*), which replaced the AFDC program with the Temporary Assistance for Needy Families ('TANF') grant program." *Id.*  The Court presumed that Overby's allegations about AFDC referred to TANF, the program that replaced it.

that if he intended to bring legal claims, he "must file a proper amended complaint," and extended Overby's deadline to file any amended complaint.  (ECF No. 8.)  He thereafter filed the pending Amended Complaint.

The Amended Complaint suggests that Overby is invoking the Court's federal question jurisdiction to pursue claims — presumably under 42 U.S.C. § 1983, as in his initial Complaint — based on his non-receipt of compensation under Pennsylvania's Crime Victims Act in connection with two cases.  (Am. Compl. at 2-3.)[3]  First, he alleges that he is entitled to compensation in connection with a case from 2008 in which he was the victim.  (*Id.* at 3.) Overby appears to be contending that he did not receive the compensation even though he requested it "by phone and written letter and reapplying for Aid to families."  (*Id.*)  Second, Overby appears to be alleging that he is entitled to compensation as a victim in connection with the murder of his sister.  (*Id.*)  He alleges that he held a power of attorney for his mother after his mother sought compensation and that his mother's application was "already processed on May 18, 2018" apparently in the amount of $28,000.  (*Id.*)  Overby appears to be seeking the compensation to which he believes he is entitled and a declaratory judgment that Steele, as the District Attorney, is obligated to help him obtain that compensation.  (*Id.*)

## II.    STANDARD OF REVIEW

Since Overby is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Amended Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see*

---

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Overby is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Overby's Amended Complaint cites the same provisions of the Pennsylvania Crime Victims Act cited in his initial Complaint, 18 Pa. Cons. Stat. § 11.211, § 11.212, § 11.213, § 11.701, § 11.702, § 11.704, § 11.707, § 11.708, § 11.709, § 11.710, § 11.902. (Am. Compl. at 2.) The Court understands him to be claiming that he is entitled to compensation under this statute and that Steele is somehow obligated to ensure that he receives his compensation. However, Overby did not cure the defects in his initial Complaint by providing additional facts about the circumstances in which he was denied or did not receive such compensation or how the administration of this program deprived him of due process. In sum, nothing alleged in the

4

Amended Complaint suggests a plausible basis for a constitutional violation.  Regardless of what Overby may be entitled to under Pennsylvania law, "by its terms, § 1983 provides a remedy for violations of federal, not state or local, law."  *McMullen v. Maple Shade Twp.*, 643 F.3d 96, 99 (3d Cir. 2011); *see also Rambert v. Dist. Att'y Philadelphia*, No. 20-1593, 2022 WL 205416, at *2 (3d Cir. Jan. 24, 2022) (*per curiam*) (rejecting § 1983 claim based on government officials' failure to institute an action under state records law because the state law "does not implicate a constitutional right"); *Tyler v. Allegheny Cty.*, No. CV 20-969, 2021 WL 1197641, at *8 (W.D. Pa. Mar. 30, 2021) (dismissing § 1983 claim based on the Pennsylvania Crime Victims Act). Accordingly, Overby has not stated a basis for a plausible claim.[4]

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Overby's Amended Complaint for failure to state a claim.  Having reviewed the record in its entirety, the Court concludes that further attempts at amendment would be futile.  An Order follows, which dismisses this case.

BY THE COURT:

/s/Joel H. Slomsky, J.
**JOEL H. SLOMSKY, J.**

---

[4] As explained in the Court's December 29, 2021 Memorandum, the provisions cited by Overby enact a system that provides compensation to certain crime victims to compensate them for certain losses.  *Overby*, 2021 WL 6137026, at *4.  The statute does not require the District Attorney to assist with the processing of a victim's application and does not appear to provide for a private cause of action, although the Court does not decide this issue.  Even if the Court were to construe the Amended Complaint as attempting to bring claims directly under the Pennsylvania Crime Victims Act, Overby has not alleged an independent basis for the Court's jurisdiction over those claims.  *See* 28 U.S.C. § 1332(a).  Since Overby brings claims against Montgomery County Defendants and provides an address for himself in Norristown, Pennsylvania, any attempt at amendment to assert diversity jurisdiction over any putative state law claims also appears to be futile.